Argued September 11, affirmed November 22, 1961

## HANKS ET UX v. BAILLIE
### 367 P. 2d 359

*Bruce Williams,* Salem, argued the cause for appellant. On the brief were Williams & Skopil and Al J. Laue, Salem.

*Robert W. DeArmond,* Salem, argued the cause and submitted a brief for respondent.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and BRAND, Justices.

O'CONNELL, J.

This is an action for damages for breach of contract for the sale to the plaintiffs of a farm owned by

defendant. At the conclusion of plaintiffs' case the trial court, upon motion of the defendant for an involuntary nonsuit, granted judgment for defendant.

The question presented for decision on appeal is whether the writings offered in evidence by plaintiffs constituted a "note or memorandum" as required by the Statute of Frauds (ORS 41.580 (5)).[1]

Defendant was the owner of a 150 acre farm in the Woodburn area. Plaintiff James Hanks indicated his interest in purchasing this property and on June 6, 1959 he and defendant went over the property together. On June 12, 1959 defendant wrote a letter to plaintiff stating:

"If still interested in the purchase of my farm please be advised that I am committed to give a final answer to another party by Wednesday, June 17th. In the meantime I am free for such other discussions as you may wish.

"Sincerely
"W. H. Baillie"

Plaintiffs immediately went to defendant's home and discussed the terms of sale. In the course of their discussion defendant made notations on a piece of tablet paper, a photograph of which is set out in the margin.[2]

On June 19, 1959 plaintiffs and defendant met at plaintiffs' home at which time defendant presented plaintiffs with an earnest money receipt form which was signed, at defendant's request, by plaintiff

---

[1] The pertinent part of ORS 41.580 provides as follows:

"**41.580 Statute of frauds.** In the following cases the agreement is void unless it, or some note or memorandum thereof, expressing the consideration, is in writing and subscribed by the party to be charged * * *

"(5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of any interest therein."

James A. Hanks but not by plaintiff, Helen Hanks.[9] The earnest money receipt was not signed by defendant and was not complete in two other particulars, there being no description of the property and no provision as to the method by which the balance of the

[9] The earnest money receipt was as follows:

PLAINTIFF'S EXHIBIT 4  4/766

purchase price was to be paid.[4] Defendant requested plaintiff, James Hanks, to execute a check for $1,000 as a down payment; plaintiff did so, then handed it to defendant. According to plaintiffs' testimony, after receiving the check defendant shook hands with plaintiff and stated, "You have bought the place."

Plaintiffs concede that no one of the writings involved in the transaction was, in itself, sufficient to satisfy the Statute of Frauds. It is argued, however, that the writings, taken as a whole, are sufficient to meet the requirements of the statute.[5]

To supply the requisite description of the property plaintiffs urge that the letter of June 12, which contains a reference to "my farm," is sufficient. Defendant testified that he owned only one farm in the Woodburn area and that it contained approximately 150 acres. Further, the notation on the tablet paper (Exhibit 1) included a reference to "approx 100 acres Cleared, approx 50 acres Timber." The notations made on the sheet of tablet paper (Exhibit 1) are relied upon to fill out the missing provisions in the earnest money receipt for the payment of the balance of the purchase price.

The requirement that the writing be "subscribed by the party to be charged" (ORS 41.580) is supplied, according to plaintiffs' argument, by the defendant's

---

[4] The complaint alleged that plaintiffs agreed "to pay one-eighth of the total sale price of $46,000 before removing any timber, and subsequent yearly payments on principle (sic) to be paid at 5 percent interest and not to exceed $10,000 in any one year." The earnest money receipt did not contain any of these provisions.

[5] Plaintiffs rely on, 1 Restatement, Contracts, § 208 (1932); 49 Am Jur, Statute of Frauds, § 392 (1943); Annotation, 85 ALR 1184 (1933). See also 2 Corbin, Contracts, §§ 512-15 (1950); 4 Williston, Contracts, §§ 580-84 (3d Ed 1961).

signature on Exhibit 1, and on his letter of June 12 (Exhibit 2) to plaintiff James Hanks.

Plaintiffs find the provision setting forth the consideration for the sale in the earnest money receipt. The earnest money receipt does not contain the name of defendant as a contracting party. To supply this missing element plaintiffs point to Exhibits 1 and 2, both of which bear defendant's signature.

The trial court concluded that plaintiffs' effort to piece together the various parts of the several writings to make out a complete note or memorandum sufficient to satisfy the Statute of Frauds fell short of the mark. We agree.

Plaintiffs' position rests heavily upon the idea that Exhibit 1 purported to be a contractual instrument memorializing, at least in part, the agreement of the parties. However, the exhibit does not contain any promissory language, a description of the property, the designation of the contracting parties, or any indication that plaintiffs are bound to purchase the property. The position of defendant's signature on the sheet in relation to the other notations suggests that his name was written not as a signature to bind him to a bargain but simply to record his name and address for plaintiffs' convenience.

We believe that it is eminently clear that the writings preceding the partial execution of the earnest money receipt were not intended by the parties to be binding upon them and that it was contemplated that some more formal writing would eventually memorialize the final agreement. The preparation of the earnest money receipt is strong evidence that this was the intent of the parties. The earnest money receipt obviously does not contain the essential ingredients to

satisfy the Statute of Frauds. That instrument does not contain a description of the property, a designation of the contracting parties, or the signature of defendant, "the party to be charged" (ORS 41.580 (7)), nor does it by adequate reference incorporate any other writing to fill in the missing essentials.

The judgment of the lower court is affirmed.